UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| SPENCER NEAL, | ) | CASE NO.: _____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| OM SHREE ASSOCIATES, L.L.C., | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of Michigan Persons with |
| | ) | Disabilities Civil Rights Act M.C. L. |
| | ) | 37.1301, *et seq.* |

Plaintiff SPENCER NEAL Complains of Defendant OM SHREE ASSOCIATES, L.L.C., and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which plaintiff is a member of, for failure to remove architectural barriers structural in nature at Defendant's property, a place of public accommodation, thereby discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof. Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of 1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

2.      Plaintiff SPENCER NEAL is a person with physical disabilities who, on or about

April 20, 2021 through April 21, 2021, was an invitee, guest, patron, or customer at Defendant's property, which houses a COUNTRY INN & SUITES hotel, located at 1912 E. Kilgore Rd., Kalamazoo, MI 49002. At said time and place, Defendant failed to provide proper legal access to the property, which is a public accommodation and/or public facility. The denial of access was in violation of both federal and Michigan legal requirements, and NEAL suffered violations of his civil rights to full and equal access and was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.    **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq. Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel Michigan law, whose goals are closely tied with the ADA, including but not limited to violations of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

4.    **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located in this district, in the City of Kalamazoo, County of Kalamazoo, State of Michigan and that plaintiff's causes of action arose in this district.

**PARTIES:**

5.    Plaintiff SPENCER NEAL is a "physically handicapped person," a "physically disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning.) NEAL is a "person with physical disabilities," as defined by all applicable Michigan and United

States laws. NEAL requires the use of a wheelchair to travel about in public. Consequently, NEAL is a member of that portion of the public whose rights are protected by the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

6.   Defendant OM SHREE ASSOCIATES, L.L.C., a Michigan limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by a COUNTRY INN & SUITES hotel, a public accommodation, located at/near 1912 E. Kilgore Rd., Kalamazoo, MI 49002, and subject to the requirements of Michigan state law requiring full and equal access to public facilities pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.   At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject COUNTRY INN & SUITES hotel as a public facility at/near 1912 E. Kilgore Rd., Kalamazoo, MI 49002. The business, a COUNTRY INN & SUITES hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

8.   At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 1912 E. Kilgore Rd., Kalamazoo, MI 49002. As such, Defendant is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal

01032022 COMPLAINT - 3

Regulations section 36.201(b), which states in pertinent part:

### § 36.201　　General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.　Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or leases to), or operates, a COUNTRY INN & SUITES hotel, located at 1912 E. Kilgore Rd.,

Kalamazoo, MI 49002. The COUNTRY INN & SUITES hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the COUNTRY INN & SUITES hotel to handicapped access requirements.

11. Plaintiff SPENCER NEAL is a person with a disability. NEAL is a "physically disabled person," as defined by all applicable Michigan and United States laws. NEAL is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the COUNTRY INN & SUITES hotel as being handicapped accessible and handicapped usable.

13. On or about April 20, 2021 through April 21, 2021, NEAL was an invitee and guest at the subject COUNTRY INN & SUITES hotel, arriving for purposes of obtaining lodging.

14.  Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, NEAL personally encountered architectural barriers which denied him the full and equal access to the property.

15. Therefore, at said time and place, NEAL, who is a person with disabilities, encountered the following inaccessible elements of the subject COUNTRY INN & SUITES hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. By way of example and not as an exhaustive inventory of Defendant's violations, the following barriers to access were

personally encountered by plaintiffs:

a.) *In the parking lot, the left most parking sign is mounted too low in violation of 2010 ADAS Section: 502.6.*

b.) *In the parking lot, the left most stall, which could be designated as a van stall, is missing a sign identifying it as a van accessible stall in violation of 2010 ADAS Section: 502.6 and 1991 ADAS Section: 4.6.4.*

c.) *In the parking lot, the middle parking sign is mounted too low in violation of 2010 ADAS Section: 502.6.*

d.) *In the parking lot, the right most parking sign is mounted too low in violation of 2010 ADAS Section: 502.6.*

e.) *In the parking lot, the right most access aisle is not located on an accessible route of travel to the accessible building entrance in violation of 2010 ADAS Section: 208.3.1, 502.3 and 1991 ADAS Section: 4.6.3.*

f.) *In the parking lot, there are not enough accessible stalls in violation of 2010 ADAS Section: 208.2 and 1991 ADAS Section: 4.1.2(5)(a).*

g.) *At the exterior accessible routes, the maneuvering clearance on the pull side of the front west side door does not comply with required minimum dimensions in violation of 2010 ADAS Section: 404.2.4.1 and 1991 ADAS Section: 4.13.6.*

h.) *At the exterior accessible routes, the walkway to middle west side entry contains abrupt vertical edges and/or variations over a 1/2 inch in violation of 2010 ADAS Section: 303.3, 303.2 and 1991 ADAS Section: 4.5.2.*

i.) *At the exterior accessible routes, the access aisle for the accessible route to the east side building entrance contains a built up curb ramp which results in slopes greater than 2 percent in violation of 2010 ADAS Section: 502.4 and 1991 ADAS Section: 4.6.3.*

j.) *At the exterior accessible routes, the building entrance is not located on an accessible route, in violation of 2010 ADAS Section: 206.2.1 and 1991 ADAS Section: 4.1.2(1).*

k.) *At the exterior accessible routes, the walkway to the back entry contains abrupt vertical edges and/or variations over 1/4 inch in violation of 2010 ADAS Section: 303.3, 303.2 and 1991 ADAS Section: 4.5.2.*

l.)  *In the lobby, the access aisle is not marked as to discourage parking in it in violation of 2010 ADAS Section: 503.3.3.*

m.) *In the lobby, the floor mats at the lobby entry doors are not secured in place in violation of 2010 ADAS Section: 302.2 and 1991 ADAS Section: 4.5.3.*

n.) *In the lobby, the floor mats at the lobby reception counter are not secured in place in violation of 2010 ADAS Section: 302.2 and 1991 ADAS Section: 4.5.3.*

o.) *In the lobby, the reception counter is too high in violation of 2010 ADAS Section: 904.4.2, 904.4.1 and 1991 ADAS Section: 7.2(1).*

p.) *At the vending area, the clear floor space for the ice machine is obstructed in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.*

q.) *At the vending area, the coke machine is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.*

r.)  *At the breakfast/dining area, there are no accessible dining surfaces in violation of 2010 ADAS Section: 226.1 and 1991 ADAS Section: 5.1.*

s.)  *At the breakfast/dining area, compliant knee and/or toe clearance is not provided in violation of 2010 ADAS Section: 306.2.1 and 1991 ADAS Section: 4.32.3.*

t.)  *In the unisex public restroom, the clear floor space for the paper towel dispenser is obstructed in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.*

u.)  *In the unisex public restroom, the paper towel dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1.*

v.)  *In the unisex public restroom, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section: 4.2.5.*

w.) *In the unisex public restroom, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section: 4.19.4.*

x.)  *In the unisex public restroom, the soap dispenser's operation mechanism is too high off the floor in violation of 2010 ADAS Section: 308.2.1.*

y.)  *In the unisex public restroom, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.*

z.)  *In the unisex public restroom, the side grab bar does not extend far enough from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section: 4.17.6.*

aa.)  *In the fitness area, the clear floor space for the window blinds is obstructed in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.*

bb.)  *In the fitness area, the window shade pulls are not accessible because they require tight grasping and pinching in violation of 2010 ADAS Section: 309.4 and 1991 ADAS Section: 4.27.4.*

cc.) *In the fitness area, the route of travel does not provide a minimum width of 36 inches in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.*

dd.)  *In the fitness area, the magazine rack is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.*

ee.) *At the pool area, the life preserver is out of the maximum allowable reach range for a side approach in violation 2010 ADAS Section: 308.3.1.*

ff.) *At the pool area, the backboard is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.*

gg.)  *At the pool area, the clear floor space for the backboard is obstructed in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.*

hh.)  *In guest room 103, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3.*

ii.) *In guest room 103, the door operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section: 404.2.7.*

jj.) *In guest room 103, the shelf or storage facility is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1.*

kk.) *In guest room 103, the closet rod is positioned too high for either a side or front approach in violation of 2010 ADAS Section: 308.2.1, 308.3.1.*

*ll.)* In guest room 103, the iron and fire extinguisher are too high and out of the maximum reach range for a side approach in violation of 2010 ADAS Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

*mm.)*　　In guest room 103, the bathroom door contains projections into the required door maneuvering clearances in violation of 2010 ADAS Section: 404.2.4 and 1991 ADAS Section: 4.13.6.

*nn.)*　　In guest room 103, the route of travel does not provide a minimum width of 36 inches between the bed and furnishings in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.

*oo.)*　　In guest room 103, the route of travel does not provide a minimum width of 36 inches between the desk chair and bed in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.

*pp.)*　　In guest room 103, the ice bucket, cups and condiments are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

*qq.)*　　In guest room 103, the clear floor space for the towel rack is obstructed in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

*rr.)* In guest room 103, the side grab bar is obstructed by the towel rack in violation of 2010 ADAS Section: 609.3.

*ss.)* In guest room 103, the side grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.6.

*tt.)* In guest room 103, the mirror is mounted too high in violation of 2010 ADAS Section: 603.3.

*uu.)*　　In guest room 103, the clear floor space only allows for a forward approach and the hairdryer is out of reach range in violation of 2010 ADAS Section: 308.2.2 and 1991 ADAS Section: 4.2.5.

*vv.)* In guest room 103, the rear grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.6.

ww.)	In guest room 103, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

xx.) In guest room 105, the sign providing directional and information is noncompliant in violation of 2010 ADAS Section: 216.3.

yy.) In guest room 105, the door operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section: 404.2.7.

zz.) In guest room 105, the maneuvering clearance on the pull side of the door extends less than 18 inches beyond the latch side of the door in violation of 2010 ADAS Section: 404.2.4.1 and 1991 ADAS Section: 4.13.6.

aaa.)	In guest room 105, the fire extinguisher is too high and out of the maximum reach range for a side approach in violation of 1991 ADAS Section: 4.2.6.

bbb.)	In guest room 105, the bathroom door contains projections into the required door maneuvering clearances in violation of 2010 ADAS Section: 404.2.4 and 1991 ADAS Section: 4.13.6.

ccc.)	In guest room 105, the route of travel does not provide a minimum width of 36 inches between the wall and furnishings in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.

ddd.)	In guest room 105, the climate control is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

eee.)	In guest room 105, the ironing board is not accessible because there is not adequate clear floor space for an approach in violation of 2010 ADAS Section: 305.3 and 1991 ADAS Section: 4.2.4.1.

fff.) In guest room 105, the ice bucket, cups, coffee maker and condiments are not accessible because they are located over an obstruction greater than 34 inches tall in violation of 2010 ADAS Section: 308.3.2 and 1991 ADAS Section: 4.2.6.

ggg.)	In guest room 105, the route of travel does not provide a minimum width of 36 inches between the bed and furnishings in violation of 2010 ADAS Section: 403.5.1 and 1991 ADAS Section: 4.3.3.

*hhh.)*  In guest room 105, the drape wands are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section: 308.3.1.

*iii.)* In guest room 105, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section: 309.4 and 1991 ADAS Section: 4.27.4.

*jjj.)* In guest room 105, the outlets and USB ports are out of reach range because the depth of the obstruction is greater than 25 inches in violation of 2010 ADAS Section: 308.2.2 and 1991 ADAS Section: 4.2.5.

*kkk.)*  In guest room 105, the coat hook is installed greater than 48 inches above the finished floor in violation of 2010 ADAS Section: 308.2.1 and 1991 ADAS Section: 4.2.5.

*lll.)* In guest room 105, the side grab bar is obstructed by the towel rack in violation of 2010 ADAS Section: 609.3.

*mmm.)*  In guest room 105, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section: 604.7.

*nnn.)*  In guest room 105, the flush handle is located on the wrong side of the toilet in violation of 2010 ADAS Section: 604.6.

*ooo.)*  In guest room 105, the side grab bar is located greater than 12 inches from the rear wall in violation of 2010 ADAS Section: 604.5.1 and 1991 ADAS Section: 4.16.4.

*ppp.)*  In guest room 105, the side grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.6.

*qqq.)*  In guest room 105, the rear grab bar does not extend adequately past the centerline of the toilet on the wall side in violation of 2010 ADAS Section: 604.5.2 and 1991 ADAS Section: 4.17.6.

*rrr.)*  In guest room 105, the rear grab bar is too high in violation of 2010 ADAS Section: 609.4 and 1991 ADAS Section: 4.17.6.

*sss.)*  In guest room 105, the threshold for the shower exceeds the maximum height requirement in violation of 2010 ADAS Section: 608.7.

ttt.) In guest room 105, the shower compartment is missing a seat in violation of 2010 ADAS Section: 608.4.

uuu.) In guest room 105, the grab bar is located directly above the portable seat and directly above where the seat should be located on the sidewall by the controls in violation of 2010 ADAS Section: 608.3.2.

vvv.) In guest room 105, the hand held sprayer unit is mounted above the required maximum height in violation of 2010 ADAS Section: 608.6.

www.) In guest room 105, the hand held sprayer unit is not equipped with a non-positive on/off control in violation of 2010 ADAS Section: 608.6.

xxx.) In guest room 105, the adjustable-height shower head vertical bar is too high in violation of 2010 ADAS Section: 608.6.

yyy.) In guest room 105, a portable seat is not allowed in a roll-in type shower in violation of 2010 ADAS Section: 610.3 and 1991 ADAS Section: 4.21.3.

zzz.) In guest room 105, the clear floor space only allows for a forward approach and the hairdryer is out of reach range in violation of 2010 ADAS Section: 308.2.2 and 1991 ADAS Section: 4.2.5.

aaaa.) In guest room 105, the water and drain pipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section: 606.5 and 1991 ADAS Section: 4.19.4.

bbbb.) In guest room 105, knee clearance at 27 inches off the floor is not 8 inches minimum deep in violation of 2010 ADAS Section: 306.3.3 and 1991 ADAS Section: 4.19.2.

cccc.) Upon information and belief, in other accessible guest rooms, the rooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section: 224.5 and 1991 ADAS Section: 9.1.4.

dddd.) Upon information and belief, in other guest rooms, not enough accessible guest rooms are designed with mobility features in violation of 2010 ADAS Section: 224.2.

*eeee.)*      *Upon information and belief, in other guest rooms, the vanity countertop space provided are not comparable to non-accessible rooms in violation of 2010 ADAS Section 806.2.4.1.*

On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

16. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, either then, now or in the future.

17. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

18. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, NEAL was denied his civil rights to full and equal access to public facilities. NEAL suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

19. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

01032022 COMPLAINT - 13

"ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

20. NEAL, as described herein below, seeks injunctive relief to require the COUNTRY INN & SUITES hotel to be made accessible to meet the requirements of both Michigan law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the COUNTRY INN & SUITES hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Michigan and federal law.

21. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

22. Because of Defendant's violations, NEAL and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the COUNTRY INN & SUITES hotel accessible to persons with disabilities.

23. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the COUNTRY INN & SUITES hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility

01032022 COMPLAINT - 14

in such conditions up to the present time, despite actual and constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Michigan.

24. On information and belief, the subject public facility of the COUNTRY INN & SUITES hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*

25. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the COUNTRY INN & SUITES hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through discovery.

26.     Plaintiff will return to the subject COUNTRY INN & SUITES hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

29.     Should the COUNTRY INN & SUITES hotel become accessible, NEAL will visit it again because he frequently travels through Kalamazoo County, Michigan.

30.     Furthermore, plaintiff intends to return to the COUNTRY INN & SUITES hotel as an ADA tester on an annual basis beginning in 2022, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

31.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 30 of this complaint.

32.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

33. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

01032022 COMPLAINT - 16

> It is the purpose of this act (1) to provide a clear and
> comprehensive national mandate for the elimination of
> discrimination against individuals with disabilities; (2) to provide
> clear, strong, consistent, enforceable standards addressing
> discrimination against individuals with disabilities; (3) to ensure
> that the Federal government plays a central role in enforcing the
> standards established in this act on behalf of individuals with
> disabilities; and (4) to invoke the sweep of Congressional
> authority, including the power to enforce the 14th Amendment and
> to regulate commerce, in order to address the major areas of
> discrimination faced day to day by people with disabilities.

34.     As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"),

Congress passed "Title III - Public Accommodations and Services Operated by Private Entities"

(Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for

purposes of this title was:

> (7) PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> . . .
> (A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

35. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated

against on the basis of disability in the full and equal enjoyment of the goods, services, facilities,

privileges, advantages, or accommodations of any place of public accommodation by any person

who owns, leases, or leases to, or operates a place of public accommodation."

36. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria
> that screen out or tend to screen out an individual with a disability
> or any class of individuals with disabilities from fully and equally
> enjoying any goods, services, facilities, privileges, advantages, or
> accommodations, unless such criteria can be shown to be

necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

37. The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, making available damage remedies.

38. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject COUNTRY INN & SUITES hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

39. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

40. On information and belief, construction work on, and modifications of, the subject COUNTRY INN & SUITES hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

41. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make use of the public facilities complained of herein so long as the premises and Defendant's policies bar full and equal use by persons with physical disabilities.

42. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

01032022 COMPLAINT - 19

with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, plaintiff has not returned to Defendant's premises since on or about April 20, 2021 through April 21, 2021, but alleges that Defendant has continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

43. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

44. Plaintiff seeks damages pursuant to the Michigan Persons with Disabilities Civil Rights Act M.C.L 37.1301, *et seq.*, which provide, within the statutory scheme, that a violation of the ADA and/or Michigan's accessibility standards is a violation of Michigan law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, ET SEQ.

45. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 44 of this complaint.

46. At all times relevant to this action, the COUNTRY INN & SUITES hotel and the business therein, are "places of public accommodation" pursuant to M.C.L. 37.1301(a).

47. Defendant committed an unlawful act pursuant to M.C.L. 37.1302(a) by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability, as prohibited by M.C.L. 37.1302.

48. Plaintiff has desired and attempted to enjoy the goods and services at the COUNTRY INN & SUITES hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in M.C.L. 37.1606.

49. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

50. Pursuant to Michigan law, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff SPENCER NEAL prays that this court grant relief and damages as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.     For injunctive relief, compelling Defendant to make COUNTRY INN & SUITES hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable

01032022 COMPLAINT - 21

modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.      For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.      For such other and further relief as the court may deem proper.

**I.     PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT M.C.L 37.1301, *ET SEQ*.**

4.      For injunctive relief, compelling Defendant to make COUNTRY INN & SUITES hotel, readily accessible to and usable by individuals with disabilities, per state law.

5.      General and compensatory damages according to proof;

6.      All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.      Attorneys' fees pursuant to Michigan law, if plaintiff is deemed the prevailing party;

8.      Punitive damages, pursuant to Michigan law;

9.      For all costs of suit;

10.     Prejudgment interest pursuant to Michigan law; and

11.     Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

*/s/ COLIN G. MEEKER*

01032022 COMPLAINT - 22

COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, Ohio 44319
Telephone: (330) 253-3337
Facsimile: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff SPENCER NEAL